### Deplanque v. Ripka and others.

*(Circuit Court, E. D. Pennsylvania.   April 28, 1885.)*

PATENTS FOR INVENTIONS—PLAQUES FOR PAINTING AND DECORATION—INFRINGE-
. MENT.
  The evidence failing to satisfy the court that the Deplanque Plaque is infringed by the plaque of Ripka, the bill is dismissed.

In Equity.
*Jerome Carty*, for plaintiff.
*J. Cooke Longstreth, contra.*

BUTLER, J.   The parties may stand upon the presumptions arising out of the respective patents involved.   The evidence touching the validity of the plaintiff's letters (aside from this presumption) is not conclusive.   It seems probable that he got his ideas, and instruction how to carry them out, from Mr. Ripka.   This question cannot be settled by the witnesses' recollections of dates, on which the plaintiff relies.   If Ripka tells the truth, there can be little doubt that he communicated the information on which the plaintiff proceeded.   If the plaintiff had made the discovery at the time Ripka refers to, the conversation could not, it would seem, have occurred.   The plaintiff would not have listened to the suggestions without revealing his discovery, especially would not have replied as Mr. Ripka swears he did. This testimony must therefore be accepted, or discarded for want of integrity in the witness.   He is, however, corroborated in part by Miss Brightenbaugh.   But granting that the plaintiff did not thus get his information, it is extremely doubtful whether any invention or discovery is involved in what he did.   The materials used, and the combination employed, are old.   Panels for decoration were made of the same materials, combined in the same way, long before.   The moulding of similar substances was common; and in most instances this seems to have been done as the plaintiff does it,—that is, by the use of some liquid, or the application of heat, to moisten the substance, and render it pliable.   The only thing which clearly seems to be new is the application of the material to the formation of a plaque; and this was simply moulding it in a particular form, which certainly is not patentable of itself.   Still, in the view we entertain of the case,

the validity of the plaintiff's patent need not be passed upon. The evidence does not satisfy us that the respondent's plaque is an infringement. We are not convinced that the materials used are the same as those employed by the plaintiff. The testimony relied upon by the plaintiff is inconclusive, and should not, therefore, be held to overcome the presumption arising from the contrary judgment pronounced by the patent-office.

The bills must be dismissed.